NOT DESIGNATED FOR PUBLICATION

No. 121,100

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DWAYNE R. LEWIS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; ERIC WILLIAMS, judge. Opinion filed February 14, 2020.
Affirmed.

Submitted for summary disposition under K.S.A. 2019 Supp. 21-6820(g) and (h).

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Dwayne R. Lewis appeals the district court's decision revoking his probation and ordering him to serve his original sentence. We granted Lewis' motion for summary disposition under Kansas Supreme Court Rule 7.041A (2019 Kan. S. Ct. R. 47). The State has responded and asks that we affirm the district court's judgment.

On August 30, 2017, Lewis pled guilty to one count of offender registration violation in Sedgwick County Case 17CR1539, which is the only case subject to this appeal. On December 18, 2017, the district court granted Lewis' departure motion and sentenced him to 32 months' imprisonment but granted probation for 24 months to be supervised by community corrections.

1

On March 23, 2018, an intensive supervision probation officer (ISO) filed an affidavit alleging that Lewis violated the conditions of his probation by testing positive for methamphetamines, methadone, opiates, and marijuana; by being unsuccessfully discharged from substance abuse treatment; and by failing to report to his ISO. On April 17, 2018, Lewis' ISO filed an affidavit alleging that Lewis had violated the conditions of his probation by committing the crimes of possession of methamphetamine, possession of paraphernalia, identity theft, and criminal possession of a firearm in a new case.

Lewis' case was continued several times as he picked up new charges in Sedgwick County. On March 20, 2019, the district court held a probation revocation disposition hearing in 17CR1539 along with a sentencing hearing in two additional cases. In exchange for Lewis stipulating to violating his probation by committing possession of methamphetamine, the State withdrew the remaining allegations of probation violations. The district court revoked Lewis' probation in 17CR1539 and ordered him to serve his original sentence. Lewis timely appeals.

On appeal, Lewis asserts that the district court abused its discretion by revoking probation and imposing the original sentence "when probation sanctions remained an available alternative because Mr. Lewis demonstrated a continuing need for drug treatment." Lewis concedes that the district court can revoke an offender's probation without imposing intermediate sanctions if the probation was granted as the result of a dispositional departure or if the offender commits a new crime while on probation.

The procedure for revoking a defendant's probation is governed by K.S.A. 2019 Supp. 22-3716. Generally, once there has been evidence of a violation of the conditions of probation, the decision to revoke probation rests in the district court's sound discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). An abuse of discretion occurs when judicial action is arbitrary, fanciful, or unreasonable; is based on an error of law; or is based on an error of fact. *State v. Mosher*, 299 Kan. 1, 3, 319 P.3d 1253 (2014).

2

The party asserting the district court abused its discretion bears the burden of showing such an abuse of discretion. *State v. Stafford*, 296 Kan. 25, 45, 290 P.3d 562 (2012).

As Lewis concedes, a district court may forgo intermediate sanctions before revoking probation if the court originally granted probation as the result of a dispositional departure or if the defendant commits a new crime while on probation. See K.S.A. 2019 Supp. 22-3716(c)(7)(B) and (c)(7)(C). It is undisputed that the district court originally granted Lewis probation as the result of granting his motion for a dispositional departure—the presumptive sentence was imprisonment. And Lewis stipulated to committing a new felony offense while on probation. The district court's decision to revoke Lewis' probation was not arbitrary, fanciful, or unreasonable, and it was not based on an error of fact or law. Lewis has failed to show that the district court abused its discretion by revoking his probation and ordering him to serve his original sentence.

Affirmed.